Case No.  CV-17-8964-MWF (JPR)                Date:  December 19, 2017
Title:    Jennifer Rae Rice, et al. v. Danita Patterson

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER REMANDING ACTION TO STATE COURT

Plaintiffs filed a Complaint for Unlawful Detainer against Defendant in the Los Angeles County Superior Court.  (Notice of Removal (Docket No. 1) at 21-25).  Defendant subsequently removed the action to this Court.  (*Id.* at 1-5).

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction.  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

The Court cannot properly assert jurisdiction over this matter because the matter does not arise under federal law.  "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law."  *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation marks omitted).  Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).

Defendant contends that this Court "has jurisdiction … to put [an] end to Plaintiffs' breach of the spirit of the law and attempt to defraud the court and

Defendant of her rights, title and possession." (Notice of Removal at 2). However, Plaintiffs' Complaint contains a single state law claim for unlawful detainer. To the extent that Plaintiff is attempting to remove the action based upon some anticipated and unspecified defense to the unlawful detainer action that arises under federal law, Defendant's anticipated defenses to that state law claim cannot confer jurisdiction on this Court.

Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.

IT IS SO ORDERED.